**UNITED STATES FEDERAL COURT**
**SOUTHERN DISTRICT OF FLORIDA**

TEACH N KIDS LEARN, INC.,

    Plaintiff,

v.

JENNIFER A. MCGREGOR,

    Defendant.

CASE NO. _____

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff TEACH N KIDS LEARN, INC. ("Plaintiff"), alleges as follows:

### The Parties

1. Plaintiff is a corporation organized under the laws of Florida with its principal place of business at 14 NE First Ave, 10th Floor, Miami, Florida 33132. Plaintiff is a Citizen of Florida.

2. Plaintiff provides online professional development courses for educators.

3. Defendant JENNIFER A. MCGREGOR ("Defendant") is a resident of Loganville, Georgia. Defendant is a citizen of Georgia.

### Venue and Jurisdiction

4. This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

5. An actual justiciable controversy between Plaintiff and Defendant exists within the meaning of 28 U.S.C. § 2201 regarding whether Plaintiff owes Defendant any royalties and whether Defendant has any intellectual property rights over the work that she performed by Plaintiff, as more particularly described below.

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the suit is between citizens of different states.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and the Plaintiff resides in this judicial district.

## General Allegations

8. Plaintiff originally engaged Defendant on or around 2010 to develop content for the Plaintiff's digital application or app ("App").

9. However, the App project did not pan out as expected and some of the content then generated by Defendant was used in Plaintiff's website.

10. On January 1, 2019, Plaintiff entered into a Content Development — Reseller Agreement (the "Agreement") with Defendant, attached hereto as Exhibit A.

11. Plaintiff's representative negotiated and executed the Agreement in Miami, Florida.

12. Pursuant to the Agreement, Defendant was to develop certain course content ("Agreement Content") for Plaintiff to sell through its website to educators and Defendant was to receive a portion of the proceeds of those sales. *See* Exhibit A generally.

13. While Defendant's work under the Agreement could be performed anywhere in the world, it relied on formation and systems provided by Plaintiff exclusively from the Miami, Florida.

14. Furthermore, Defendant's work was to be delivered and/or implemented by Plaintiff in Miami, Florida.

15. Plaintiff developed the Agreement Content and has been paid in full for the same pursuant to the Agreement.

16. On October 21, 2020, Defendant's counsel sent a letter to Plaintiff's counsel regarding an alleged breach of the Agreement ("Notice of Breach"). See the Notice of Breach attached as Exhibit B.

17. In the Notice of Breach, the Plaintiff alleges that the Plaintiff and its CEO, Rudy Azcuy, claimed ownership rights to Defendant's intellectual property, namely certain content ("Expanded Content") included on the Plaintiff's website and included in the Plaintiff's Guided PLC program.

18. The Expanded Content encompasses a broader array of content than the Agreement content, which is the content created by the Defendant.

19. The Expanded Content includes content not created nor developed by Defendant, and the Defendant is not entitled to compensation for the Expanded Content.

20. Moreover, even if the Defendant could show that Defendant was the creator of the intellectual property referenced in 17 above, such content is neither copyrightable subject matter nor has it been used as a mark, whether under common law or under U.S. statute, consistent with the requirements of U.S. trademark law.

21. The Notice of Breach requested Plaintiff to remove the course content created by the Defendant from its website and Plaintiff did so on January 1, 2021.

22. All conditions precedent to bring this cause of action have occurred or been performed.

### Count I – Declaratory Judgment

23. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 20.

24. Defendant has alleged that Plaintiff falsely claimed ownership of the Expanded Content, Defendant is entitled to royalties derived from the Expanded Content, demanded that the Expanded Content be removed from Plaintiff's website and has threatened to bring a lawsuit against Plaintiff on this basis.

25. Even if Defendant had provided such Expanded Content to Plaintiff, such content was provided upon Plaintiff's express request, Defendant delivered such content to Plaintiff and Defendant knew how such content was being used and, in fact, had been knowledgeable of its use without previously expressing any belief that such use was impermissible and, consequently has granted Plaintiff an implied, non-exclusive license to use such content.

26. An actual, present and justiciable controversy has arisen between Plaintiff and Defendant concerning Plaintiff's right to use such content.

27. Plaintiff seeks declaratory judgment from this Court that the Expanded Content that was not created by Defendant is not Defendant's intellectual property, Defendant is not entitled to any intellectual property rights over content that was not created by her, and that Defendant is not entitled to any further compensation, including royalties regarding any content not created by Defendant.

WHEREFORE, Plaintiff respectfully requests that the Court enters a judgment according to the declaratory relief sought and declaring that Expanded Content that was not created by Defendant is not Defendant's intellectual property, Defendant is not entitled to any intellectual property rights over content that was not created by her, and that Defendant is not entitled to any further compensation, including royalties regarding any content not created by Defendant.

Defendant further requests an award Plaintiff its costs in this action and for the Court to enter such other further relief to which Plaintiff may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

## Demand For Jury Trial

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: March 3, 2021.

        Respectfully submitted,

        s/ *Avery Dial*
        Avery A. Dial
        Fla. Bar No. 732036
        Email: adial@kdvlaw.com

        Cristina Hernandez Villar
        Fla. Bar No. 102305
        Email: cvillar@kdvlaw.com

        KAUFMAN DOLOWICH & VOLUCK, LLP
        100 SE 3rd Avenue, Suite 1500
        Fort Lauderdale, Florida 33301
        Telephone:   (954) 302-2360
        Facsimile:    (888) 464-7982